# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ted Lester Coit, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 0:09-1442-PMD-RSC |
| v. ) | |
| ) | |
| The Herald and ) | **ORDER** |
| The Fort Mill Times, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff Ted Lester Coit's ("Plaintiff") *pro se* civil action for defamation. On June 25, 2009, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending that Plaintiff's complaint be dismissed without prejudice and without service of process for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted. Petitioner filed objections to the R&R on July 6, 2009 and filed supplemental objections on July 9, 2009. Having reviewed the entire record, including Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Plaintiff is a detainee at the York County Detention Center and filed this defamation action *in forma pauperis* under 28 U.S.C. § 1915.[1] Plaintiff alleges that he was arrested on July 19, 2006, in Fort Mill, South Carolina, on two counts of pointing and presenting a firearm at a

---

[1] The R&R stated that Plaintiff was detained at the Lexington County Detention Center. Plaintiff noted the R&R's error in his objections, and the court has corrected that error in this order.

person and on counts of grand larceny, possession of a stolen firearm, assault with intent to kill, and assault of a high and aggravated nature. Plaintiff alleges that following his arrest and for the month thereafter, The Herald and Fort Mill Times slandered Plaintiff's name by citing crimes for which he was not charged, by portraying him inaccurately as a career criminal, by confusing their readers by associating him with other criminals who had nothing to do with the crimes charged, and by incorrectly stating the amount of time he was facing. Additionally, after Plaintiff was found not guilty by a jury on all charges except one firearm charge that the judge dismissed, Plaintiff complains that the Defendants failed to print news of his acquittal. Finally, Plaintiff alleges that because of the negative publicity printed about him by the Herald and Fort Mill Times, he lost his job at the Charlotte Knights baseball stadium in Fort Mill, was homeless after his release from the detention center, and could not obtain employment. Plaintiff seeks $1.53 million dollars in damages as well as a public apology from the Defendants.

On June 25, 2009, the Magistrate Judge recommended to the court that Plaintiff's action be dismissed for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted. The Magistrate Judge found that the court did not have subject matter jurisdiction over Plaintiff's claims and found that under South Carolina law, publication of contents of governmental records—e.g., judicial proceedings, case reports, published cases, investigative reports, and arrest records—does not give rise to liability for slander of libel. Plaintiff has filed timely objections.

## STANDARD OF REVIEW

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the

court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow for the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

Plaintiff's complaint has been filed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of the privilege of filing without prepayment of the fee, the statute allows a district court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted . . . is frivolous or malicious . . . [or] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

## ANALYSIS

The Magistrate Judge concluded that the court lacked subject matter jurisdiction over Plaintiff's claim, and the court agrees. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.,* 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. Pro. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley,* 191 F.3d at 399 (citing *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction." If however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399. Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court must dismiss the complaint for lack of subject matter jurisdiction. *Id.*

Plaintiff brings state law tort claims of defamation—libel and/or slander—against the defendants. A federal court could hear Plaintiff's state law claims if the requirements of diversity jurisdiction under 28 U.S.C. § 1332 are satisfied. The diversity statute requires complete diversity of parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side.

The Magistrate Judge found that Plaintiff's complaint and proposed service documents (Forms USM-285) demonstrate that Plaintiff and Defendants are domiciled in South Carolina. The Magistrate Judge found that the reasonable inference from the facts alleged is that prior to his incarceration the Plaintiff resided in Fort Mill, South Carolina. It also appears that The Herald is located in Rock Hill, South Carolina, and that The Fort Mill Times is located in Fort Mill, South Carolina. The Magistrate Judge noted that although the domicile of a business is not always the same as the location of a branch office, the only evidence in the record is that both defendants are domiciled in South Carolina. Additionally, Plaintiff admits in his objections that all parties are domiciled in South Carolina. Therefore, the court agrees with the R&R that the requirement of diversity for purposes of § 1332 has not been met, and this court lacks subject matter jurisdiction to hear this dispute.

Plaintiff makes many objections to the facts of his case as recited in the R&R. The court has made the appropriate corrections to the facts of Plaintiff's case and has incorporated those changes into the "Background" section of this order. Plaintiff also objects to not having a lawyer assist him with this case, and he states that he does not know why domicile affects his case or how to proceed with his case. As discussed above, federal courts are courts of limited jurisdiction, which means that federal courts do not have the power to hear every type of case.

To hear Plaintiff's state claims of defamation, each defendant must be a citizen of a different state than each plaintiff. Because the court does not have the power to hear Plaintiff's case, it cannot address the merits of his claim. Therefore, Plaintiff needs to file his claim in the proper South Carolina state court.

## CONCLUSION

For the foregoing reasons, the court agrees with the Magistrate Judge's Report and Recommendation that Plaintiff's complaint in the above-captioned case be **DISMISSED** without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**October 28, 2009**
**Charleston, SC**

NOTICE OF APPEAL
Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.